1   SHARON C. COLLIER (State Bar No. 203450)
    Sharon.Collier@fmglaw.com
2   FREEMAN MATHIS & GARY, LLP
    1255 Treat Blvd., Suite 300
3   Walnut Creek, CA 94597
    P: (925) 644-0918
4   F: (833) 335-7962

5   Attorneys for Defendant COSTCO WHOLESALE
    CORPORATION
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10

11  RAFAELA JACQUEZ, an individual,          Case No.

12                  Plaintiffs,              [Contra Costa County Superior Court Case
                  v.                         No. C22-00945]
13
    COSTCO WHOLESALE CORPORATION, a          **DEFENDANT COSTCO
14  Corporation; ROBERT FERGUSON, and        WHOLESALE CORPORATION'S
    individual, and DOES 1 through 100, inclusive,   NOTICE OF REMOVAL TO
15                                           FEDERAL COURT PURSUANT TO
                  Defendants.                28 U.S.C. § 1441(b) [DIVERSITY]**
16
                                             Complaint Filed: May 6, 2022
17

18

19

20       **TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

21       **PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION

22  ("Costco") hereby removes to this Court the state court action described below:

23  **I.    STATUS OF PLEADINGS AND DISCOVERY**

24       On or about May 6, 2022, Plaintiff RAFAELA JACQUEZ ("Plaintiff") filed a Complaint

25  against Costco, ROBERT FERGUSON, and Does 1 to 100 in Contra Costa County Superior Court,

26  entitled RAFAELA JACQUEZ v. COSTCO WHOLESALE CORPORATION, a Corporation,

27  ROBERT FERGUSON, an individual, and DOES 1-100, inclusive, Case No. C22-00945 (the

28  "Complaint"). (Request for Judicial Notice in Support of Costco's Notice of Removal ("RJN"), Ex.

                                    1
                 NOTICE OF REMOVAL TO FEDERAL COURT

1  A; Declaration of Sharon C. Collier ("Collier Decl.") at ¶ 3.) The Complaint alleges causes of

2  action for premises liability and general negligence. (RJN, Ex. A.)  Costco was served with the

3  Summons and a copy of the Complaint on or about May 25, 2022.  (RJN, Ex. A; Collier Decl. at ¶

4  3.) In conjunction with receiving the Complaint, Costco also received a statement of damages

5  claiming damages totaling $400,000, far exceeding the $75,000 jurisdictional threshold. (Collier

6  Decl. at ¶ 4.)

7        The Complaint alleges that on or about December 21, 2020, Plaintiff sustained injuries

8  arising out of a trip and fall accident at a Costco store located in Richmond, California.  (RJN, Ex.

9  A.) Plaintiff seeks damages for general, special, actual and comprensatory damages, including lost

10  earnings and earning capacity. (RJN, Ex. A.)

11       Costco filed an Answer to Plaintiff's Complaint in Case No. C22-00945 of the Contra Costa

12  County Superior Court contemporaneously with this Notice of Removal and supporting documents.

13  (RJN, Ex. C; Collier Decl. at ¶ 5.)  In the Answer, Costco asserted a general denial, as well as

14  various affirmative defenses. (RJN, Ex. B.)

15       Costco is not aware of Plaintiff effectuating service on defendant ROBERT FERGUSON or

16  any of the "Doe" defendants. (Collier Decl. at ¶ 6; Declaration of Robert Ferguson, filed in

17  conjunction herewith ("Ferguson Decl."), at ¶ 4.) Further, defendant ROBERT FERGUSON was

18  fraudulently joined for the improper purpose of attempting to defeat diversity jurisdiction.

19  ROBERT FERGUSON was not working as a manager at the Costco Richmond warehouse at the

20  time of the accident.  (Ferguson Decl., at ¶ 3.)  He had stopped working at that warehouse years

21  earlier. (*Id*.)  There is no legitimate basis to name him as a defendant in this action.

22       Since no defendant has been properly named and served, no consent is required for

23  removal. (28 U.S.C. § 1446(b); *Destfino v. Reiswi*g, 630 F.3d 952, 956 (9th Cir. 2011).)

24       As this action was commenced in the Alameda County Superior Court, removal to the

25  Northern District of California is appropriate.

26  **II.    STATEMENT OF JURISDICTION**

27       This civil action involves parties who are citizens of different states and the amount in

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

-2-
NOTICE OF REMOVAL TO FEDERAL COURT

0.0  8392-00010

1  controversy exceeds $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and
2  has the power to remove this matter to this Court pursuant to 28 U.S.C. section 1441(b).

3      **A.      Complete Diversity of Citizenship**

4          In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. section 1332,
5  complete diversity of citizenship must exist between the parties.  (*Matao Yokeno v. Sawako*
6  *Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).) Here, Plaintiff and Costco are citizens of different
7  states.

8          Defendant Robert Ferguson was fraudulently joined for the improper purpose of attempting
9  to destroy diversity jurisdiction.  (Ferguson Decl., at ¶ 3.)  Costco is entitled to remove this case to
10  federal court because the undisputed facts demonstrate that he had no real connection to the
11  controversy.  (*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant
12  seeking removal to the federal court is entitled to present the facts showing the joinder to be
13  fraudulent."); see also, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-99 (1921);
14  *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914); *Alabama Great S. Ry. Co. v.*
15  *Thompson*, 200 U.S. 206, 218-19(1906).)  Robert Ferguson had once been a manager at the Costco
16  Richmond warehouse, but ceased working there years before plaintiff's accident ocurred.
17  (Ferguson Decl., at ¶ 3.)  He was not a manager of the Richmond warehouse at the time of the
18  accident and has no personal knowledge of it.  (*Id*.)  There was absolutely no basis or theory by
19  which he could be legitimately named as a party to this case.  Robert Ferguson's inclusion as a
20  defendant in this action should be disregarded.

21          For purposes of removal, "the citizenship of defendants sued under fictitious names shall be
22  disregarded." (28 U.S.C. § 1441(b).) Where a plaintiff's allegations do not provide definite clues
23  sufficient for the moving defendant to identify the fictitiously named defendant, the citizenship of
24  the fictitiously named defendant shall be disregarded. (See e.g., *Guytan v. Swift Transportation Co.*
25  *of Arizona, LLC*, No. CV1700626VAPDTBX, 2017 WL 2380159, at *2 (C.D. Cal. June 1, 2017)
26  (holding that identifying a fictitiously named defendant as "a terminal manager" of the moving
27  defendant in the complaint was insufficient to determine the identity of the fictitiously named

1  defendant and therefore, the fictitiously named defendant's citizenship must be disregarded.) While

2  Plaintiff sued a Lynnette "DOE" and Does 1-50, she has not named them specifically, Costco is

3  unaware of Plaintiff effectuating service on them. Thus, the citizenship of the "Doe" defendants

4  must be disregarded.

5  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.

6  (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is

7  the place he or she resides with the intention to remain or to which he or she intends to return.

8  (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Here, Plaintiff alleges in her

9  Complaint that she is a resident of Alameda County, California. (RJN Ex. A; Collier Decl. at ¶ 10.)

10  Accordingly, Plaintiff is and was a citizen of the State of California.

11  In order to ascertain the citizenship of a corporation, courts look to the state of

12  incorporation, and the state where the corporation has its principal place of business.  (28 U.S.C.

13  § 1332(c)(1).)  Here, Costco is a corporation formed and incorporated under the laws of the State of

14  Washington.  (RJN, Ex. D; Collier Decl. at ¶ 8.)  Moreover, Costco is headquartered and maintains

15  its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. (RJN, Ex. E;

16  Collier Decl. at ¶ 9.) Accordingly, Costco was and is a citizen of the State of Washington.  As such,

17  diversity-of-citizenship exists between the parties.

18  **B.      No Resident Defendants**

19  Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of

20  diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is

21  brought."  In this case, Plaintiff resides in California. (RJN, Ex. A; Collier Decl. at ¶ 10.)   The only

22  named and served defendant, Costco, is a citizen of the State of Washington.  (RJN, Ex. C, D;

23  Collier Decl. at ¶ 8.) As the domicile of the "Doe" defendants must be disregarded, complete

24  diversity exists because no defendant resides in the State of California.

25  **C.      Amount in Controversy**

26  Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in

27  controversy must exceed $75,000, exclusive of interests and costs. (28 U.S.C. § 1332(a).) When a

28

plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount.  (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied).)  In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).)  Courts also consider "other papers" not filed with the court.  (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013).) Settlement demand correspondence constitutes an "other paper" sufficient to provide notice of removal. (*Bloomer v. Serco Mgmt. Servs.*, No. EDCV 16-2651 JGB (RAOx), 2017 U.S. Dist. LEXIS 25606, at *8 (C.D. Cal. Feb. 23, 2017) (citing *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2002)); *see also Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012).) The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010).)

A plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction upon this Court.  (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in the complaint, the district judge has discretion to accept the admission as establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in choice of forum.").  Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).) Moreover, the courts looks to "facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal." (*Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online,*

NOTICE OF REMOVAL TO FEDERAL COURT

Freeman Mathis
& Gary, LLP
Attorneys at Law

0.0  8392-00010

1  *Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A defendant may rely on discovery responses for

2  determining the amount in controversy).)

3        In the present case, Costco received in conjunction with the Complaint a statement of

4  damages alleging that Plaintiff's damages total $400,000. (RJN, Exhibit B; Collier Decl. at ¶ 4.)

5  Thus, Plaintiff's claimed damages far exceed $75,000. (RJN, Exhibit B; Collier Decl. at ¶¶ 4, 12.)

6  The statement of damages clearly constitutes an "other paper" which may be considered for

7  purposes of determining the amount in controversy here.  (*Ackerberg v. Citicorp USA, Inc.*, 887 F.

8  Supp. 2d 934, 938-39 (N.D. Cal. 2012).)  In light of these representations and the scope of injuries

9  and types of damages alleged in the Complaint, it is clear that the claims at issue will exceed the

10  jurisdictional minimum of this Court.

11  **III.    TIMELINESS OF REMOVAL**

12        Pursuant to 28 U.S.C. section 1446(b), "[t]he notice of removal shall be filed within 30 days

13  after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

14  forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C. § 1446(b).)

15  The 30-day time limit within which a defendant can remove an action to federal court does not

16  begin until the defendant(s) have received notice of the facts supporting removal.  (*Mattel, Inc. v.

17  Bryant*, 441 F. Supp. 2d 1081, 1089-1090 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006).)

18        As set forth more fully above, Costco was served with the Complaint and Statement of

19  Damages on or about April 5, 2022. (RJN, Ex. A; Collier Decl. at ¶¶ 3-4.) The Complaint indicates

20  Plaintiff is domiciled in California and the settlement demand alleges the amount in controversy

21  exceeds the jurisdictional minimum. (RJN, Ex. A, B; Collier Decl. at ¶¶ 4, 10, 12.) Accordingly,

22  Costco has timely and promptly filed this petition for removal.  (28 U.S.C § 1446.)

23  **IV.    JOINDER OF ALL DEFENDANTS**

24        In order to effectuate removal, all defendants properly joined and served with the complaint

25  must join in the notice of removal.  (28 U.S.C. § 1446(b); *Emrich v. Touche Ross & Co.*, 846 F.2d

26  1190, 1193 (9th Cir. 1988).)  In this case, Costco is not aware of Plaintiff effectuating service on

27  the fraudulently joined Robert Ferguson or the "Doe" defendants.  (Collier Decl. at ¶ 6.)

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

-6-
NOTICE OF REMOVAL TO FEDERAL COURT

1   Accordingly, this Notice of Removal is proper.

2   **V.**      **VENUE**

3          Venue of this removed action is proper pursuant to 28 U.S.C. section 1441(a) because this

4   Court is the United States District Court for the district corresponding to the place where the state

5   court action was commenced.

6   **VI.**     **NOTICE TO PLAINTIFF**

7          Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed

8   in Case 22CV008571 of the Alameda County Superior Court. (Collier Decl. at ¶ 13.)

9          WHEREFORE, Costco prays that the above-entitled action, currently pending in the

10  Alameda County Superior Court of California, be removed to the United States District Court for

11  the Northern District of California, and that this action proceed in this Court as an action properly

12  removed there.

13  Dated:  June 23, 2022                        FREEMAN MATHIS & GARY, LLP

14

15

16                                  By: _____

17                                      Sharon C. Collier
                                        Attorneys for Defendant COSTCO
                                        WHOLESALE CORPORATION
18

19

20

21

22

23

24

25

26

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

-7-
NOTICE OF REMOVAL TO FEDERAL COURT

0.0  8392-00010

1

## CERTIFICATE OF SERVICE

2

      I declare that I am employed in the County of Contra Costa, State of California.  I am over the age of eighteen years at the time of service and not a party to the within cause.  My employment address is 1255 Treat Blvd, Suite 300, Walnut Creek, CA  94597 and my electronic service address is javi.brantley@fmglaw.com.

3

4

      On June 23, 2022, I served copies of the attached document(s) entitled:

5

**NOTICE OF REMOVAL TO FEDERAL COURT**

6

7

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

8

9

      **Robert L. Booker II**            *Attorney for Rafaela Jacquez*
      **864 S. Robertson Blvd., 3rd Fl**

10

      **Los Angeles, Ca 90035**

11

  **E-mail: Robert@CPLGLaw.com**
            **Soheil@CPLGLaw.com**

12

13

  ý    **BY ECF.**  Pursuant to rule 5 of Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system.

14

15

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

16

      Executed on June 23, 2022 at San Francisco, California.

17

18

                     */s/ Javier Alexandria Brantley*
                     Javier Alexandria Brantley

19

20

21

22

23

24

25

26

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law