UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAELA JACQUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br>ROBERT FERGUSON, and DOES 1 to 100<br>Inclusive,<br><br>　　　　　　　Defendant. | Case No. 4:22-cv-03718-HSG<br><br>**ORDER DENYING MOTION FOR<br>SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant Costco Wholesale Corporation's motion for summary judgment as to Plaintiff's causes of action for premises liability and negligence.  *See* Dkt. No. 27.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  Having carefully considered the parties' arguments, the Court **DENIES** the motion for summary judgment.

**I.   BACKGROUND**

The following facts are based on the evidence viewed in the light most favorable to Plaintiff as the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor").

On the morning of December 21, 2020, Plaintiff entered the Costco store located in Richmond, California.  *See* Dkt. No. 52-1, Ex. B ("Jacquez Depo") at 19:9–15.  Plaintiff walked to the paper products aisle where she noticed shrink-wrap lying on the floor.  *Id.* at 28:10–25; 29:1–15.  She walked over the shrink-wrap to retrieve an item on the shelf.  *Id.* at 39:10–15.  As Plaintiff attempted to walk back over the shrink-wrap and return the item to her cart, her feet

became tangled in the shrink-wrap, and she fell.  *Id.* at 37:14–15; 43:6–9.  Shortly after the fall, Plaintiff partially filled out an incident report with Defendant in which she noted that the accident occurred at 10:20 a.m.  *Id.* at 69:11–24.

In its motion for summary judgment, Defendant contends that Plaintiff has not proffered evidence that Defendant had any actual or constructive notice of the shrink-wrap's presence on the floor.  *See* Dkt. No. 27 ("Mot.") at 1.  Defendant further contends that the undisputed evidence shows that Defendant had performed an inspection of the area where Plaintiff fell at approximately 9:45 a.m. and found no hazards.  *See id.*  Defendant also contends that the danger of the shrink-wrap on the floor was so open and obvious that it should not be held liable for Plaintiff's fall regardless of whether it had notice.  *See* Mot at 14.  Plaintiff counters that triable issues of fact exist as to whether Defendant had constructive notice of the allegedly dangerous condition, and that the dangerous condition was not necessarily open and obvious.  *See* Dkt. No. 52 ("Opp.") at 14–16.  As discussed below, the Court finds that Plaintiff has raised at least one genuine dispute of material fact that precludes summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party.  *Id.*  But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact.  *See Celotex*

United States District Court
Northern District of California

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor.  *Celotex*, 477 U.S. at 325.  In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105.  "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102–03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103.  In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the movant.  *See Celotex*, 477 U.S. at 323.

**III. DISCUSSION**

To establish negligence under California law, a plaintiff must prove:  (1) the defendant had a legal duty to exercise reasonable care; (2) the defendant breached that duty; (3) the defendant's breach caused the plaintiff's injury; and (4) the plaintiff suffered damages as a result.  *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (Cal. 2001).  The elements of premises liability on a negligence theory are the same.  *Id.*  In an action for premises liability, a dangerous or hazardous condition is one that the owner should realize "involve[es] an unreasonable risk to invitees on [the] premises." *Id.* at 1206 (quotation omitted).  "It is well established in California that although

United States District Court  Northern District of California

United States District Court
Northern District of California

1   a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to

2   exercise reasonable care in keeping the premises reasonably safe." *Id.*

3          To establish causation for premises liability, "an owner must have actual or constructive

4   notice of the dangerous condition . . . ." *Id.* at 1203.  To meet that burden, the plaintiff may show

5   that the hazardous condition existed long enough for the owner to have discovered and corrected

6   it.  *See id.* at 1207 ("The owner must inspect the premises or take other proper action to ascertain

7   their condition, and if, by the exercise of reasonable care, the owner would have discovered the

8   condition, he is liable for failing to correct it.").  Thus, if a plaintiff "can show that an inspection

9   was not made within a particular period of time prior to an accident, [she] may raise an inference

10  that the condition did exist long enough for the owner to have discovered it." *Cardoza v. Target*

11  *Corp.*, No. CV172232MWFRAOX, 2018 WL 3357489, at *3 (C.D. Cal. June 22, 2018), *aff'd*, 765

12  F. App'x 360 (9th Cir. 2019) (citing *Ortega*, 26 Cal. 4th at 1212–13).  The California Supreme

13  Court has cautioned that "[w]hether a dangerous condition has existed long enough for a

14  reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do

15  not impose exact time limitations" because "[e]ach accident must be viewed in light of its own

16  unique circumstances." *Id.* at 1207.  Nevertheless, some courts "apply a 30-minute threshold" of

17  time between an inspection and an accident when determining whether to submit questions of

18  notice to a jury.  *See, e.g.*, *Cardoza*, 2018 WL 3357489 at *3 (collecting cases); *Ortega*, 26 Cal.

19  4th at 1210 (noting that if an inspection is not made "within at least 15 to 30 minutes" before an

20  accident, that "may give rise to an inference that the [hazard] remained on the floor long enough to

21  enable [the owner], in the exercise of reasonable care, to discover and remove it"); *Pineda v.*

22  *Target Corp.*, No. SACV 08-0315 AG RNBX, 2009 WL 3244995, at *4 (C.D. Cal. Oct. 5, 2009).

23  ("A jury could make a reasonable finding that a minimum of 30 minutes and maximum of 55

24  minutes is an unreasonable period of time to go without an inspection.").

25          Here, Plaintiff does not appear to allege that Defendant had actual notice of the shrink-

26  wrap at issue.  *See* Opp. at 13–14.  To carry her burden, Plaintiff must present evidence that

27  Defendant had constructive notice of the shrink-wrap's presence.  The critical question, therefore,

28  is when Defendant last inspected the area in question before Plaintiff's fall.  The parties agree that

4

1    Defendant requires its employees to conduct regular inspections of the store to search for

2    hazardous conditions and document each inspection in a "Daily Floor-walk / Safety Inspection"

3    form.  *See* Dkt. No. 31 ("Bell Decl.") ¶¶ 4–5; Opp. at 2.  Defendant's inspection log from the day

4    of Plaintiff's fall indicates that Defendant's employee Albert Tatmon conducted a floorwalk

5    inspection of the store beginning at 9:35 a.m. and concluding at 9:59 a.m.  *See* Dkt. No. 30

6    ("Tatmon Decl."), Ex. A.  Mr. Tatmon testified that he lacks any recollection of this specific

7    floorwalk, but stated that based on his usual habit of floorwalks, he believed that he inspected the

8    area of the accident around 9:45 a.m. — approximately 35 minutes before Plaintiff's fall.  Dkt.

9    No. 52-1, Ex. K ("Tatmon Depo.") at 28:20–25, 29:1, 33:19–25, 34:1, 35:1–9); Tatmon Decl. ¶ 7.

10   Given Mr. Tatmon's lack of recollection of the inspection in question, Plaintiff is entitled to cross

11   examine him and allow the jury to assess his credibility.  Moreover, even accepting Mr. Tatmon's

12   estimate, a reasonable trier of fact could conclude that Defendant left the area in question

13   uninspected long enough to establish an inference of constructive notice.  *See, e.g.*, *Cardoza*, 2018

14   WL 3357489 at *3.

15           Defendant also contends that the "open and obvious" defense would negate its potential

16   liability regardless of whether it had notice of the condition.  *See* Mot 14.  Generally, if a danger is

17   so obvious to a reasonable person that "*the condition itself serves as a warning* . . . [a] landowner

18   is under no further duty to warn of or remedy the condition."  *Ward v. Equilon Enterprises, LLC*,

19   No. C 09-04565 RS, 2012 WL 13055872, at *4 (N.D. Cal. Jan. 13, 2012) (internal citations

20   omitted).  In that scenario, "possessors of land are entitled to assume others will 'perceive the

21   obvious' and take action to avoid the dangerous condition."  *Jacobs v. Coldwell Banker*

22   *Residential Brokerage Co.*, 14 Cal. App. 5th 438, 447, 221 Cal. Rptr. 3d 701, 708 (2017) (internal

23   citation omitted).  But the record does not indicate that the shrink-wrap in the aisle necessarily

24   presented an "open and obvious" danger as a matter of law in this instance.  *See Pineda*, 2009 WL

25   3244995, at *4 (holding that a reasonable finder of fact could find that the danger posed by a

26   white, transparent liquid on the floor of a shopping aisle is not obvious).  And although Plaintiff's

27   individual perception of the condition is not dispositive, the Court notes that Plaintiff testified that

28   she did not perceive the shrink-wrap on the floor to be dangerous.  *See* Jacquez Depo. at 62:4–10.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Moreover, she had no previous experience walking on shrink-wrap that would inform her

2    recognition of the risk of slipping on this material.  *See id.*; *see Beauchamp v. Los Gatos Golf*

3    *Course*, 273 Cal. App. 2d 20, 34, 77 (Ct. App. 1969) ("We cannot say that with appellant's

4    previous unfamiliarity with the veranda, and the absence of prior experience in walking with

5    spikes upon it, there was an unequivocal acceptance of the risk; or that the danger of doing so was

6    so well-known and apparent . . .").  Whether a reasonable person would similarly fail to perceive

7    and recognize the dangers posed by the shrink-wrap in the aisle is a question of fact for the jury.

8    Accordingly, the court identifies at least two issues of material fact that preclude summary

9    judgment.[1]

10   **IV. CONCLUSION**

11        Accordingly, the Court **DENIES** the motion for summary judgment.

12        **IT IS SO ORDERED.**

13   Dated: October 13, 2023

14                                                 *Haywood S. Gilliam Jr.*

15                                                 HAYWOOD S. GILLIAM, JR.
                                                   United States District Judge

---

[1] The Court stresses that in applying the summary judgment standard, it is not making findings of fact of any kind as to these or any other issues, and it expresses no view as to the likely persuasiveness of either party's case at trial.

6