UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAELA JACQUEZ, | Case No. 4:22-cv-03718-HSG |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO EXCLUDE EXPERT OPINIONS OR ALTERNATIVELY TO RE-OPEN DISCOVERY** |
| COSTCO WHOLESALE CORPORATION, ROBERT FERGUSON, and DOES 1 to 100 Inclusive, | Re: Dkt. No. 57 |
| Defendant. | |

Pending before the Court is Defendant Costco Wholesale Corporation's Motion to Exclude Expert Opinions or Alternatively to Re-Open Discovery. *See* Dkt. No. 57 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Having carefully considered the parties' arguments, the Court **DENIES** the motion.

Costco's motion is premised on the idea that Plaintiff failed to timely disclose that she may need potentially costly surgery in the future, because this disclosure came only in Plaintiffs' expert reports. Dkt. No. 57 at 1. Costco thus seeks to exclude those opinions under Federal Rules 26 and 37. *Id.* But the Court finds this relief unwarranted, because there is no dispute that Plaintiff's expert reports were timely, and Costco failed to submit its own rebuttal report or otherwise challenge the opinions during the discovery period.

The original October 5, 2022 scheduling order in the case set an April 7, 2023 for the exchange of opening expert reports. Dkt. No. 21. That order also set a deadline of April 21, 2023 for the exchange of any rebuttal expert reports, and a May 8, 2023 deadline for the close of expert discovery. *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On March 20, 2023, the parties submitted a stipulation, which the Court granted, to continue the April 7 report disclosure deadline to July 7, 2023.  Dkt. Nos. 23, 24.  The stipulation also agreed to extend "the current deadline of April 21, 2023 for expert discovery and depositions" to July 21, 2023.  That description of the prior scheduling order was not accurate:  the April 21, 2023 deadline was for the exchange of rebuttal reports, with the overall completion deadline for expert discovery being May 8, 2023.  *Compare* Dkt. No. 23 *with* Dkt. No. 21.  Moreover, the parties stipulation omitted any separate deadline for rebuttal expert reports.  Dkt. No. 23.  At any rate, the Court granted the continuances the parties requested, while noting that the changes would make dispositive motions due well before the close of discovery, and confirming that the Court did not intend to move the motion hearing, pretrial conference or trial dates.  Dkt. No. 24.

Without dispute, Plaintiff timely served her expert reports on Costco on July 7, 2023.  *See* Mot. at 5.  It is also undisputed that Costco never submitted any report rebutting the opinions it now challenges.  Nor did Costco file the current motion before the July 21, 2023 expert discovery deadline, when the Court could have addressed it without the prospect of reopening discovery on the eve of trial.  At latest, Costco was on notice of the opinions it now attacks by July 7.  So it is not credible for it to wait over a month, then file a motion claiming that it "reasonably relied" on Plaintiff's initial disclosures in "deliberately cho[osing] not to expend the resources necessary to conduct a medical examination or retain an expert to opine on future medical treatment."  Mot. at 9.  That choice was affirmatively *unreasonable* once Plaintiff timely disclosed her expert report putting exactly these points in issue.  The whole point of the originally-structured rebuttal report process was to give the parties the opportunity to respond to the other side's expert reports if they felt it necessary.  Having failed to do so during discovery, Costco cannot now persuasively argue that it was prejudiced by its own tactical decision.  And to the extent Costco argues at length that the opinions are inconsistent with the factual record, that is a basis (and maybe a potent one) for attacking those opinions (along with the Plaintiff's own testimony) on cross-examination.  It is not, however, a basis for excluding these timely-disclosed opinions.

//

//

1

2          Defendant's motion to exclude opinions or alternatively reopen discovery is accordingly

3    **DENIED.**

4          **IT IS SO ORDERED.**

5    Dated:    10/24/2023

6                                          _Haywood S. Gill Jr._

7                                          HAYWOOD S. GILLIAM, JR.
                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California